

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:17cr118 |
| | ) | |
| KARIVA CROSS, | ) | |
| | ) | |
| Defendant. | ) | |

STATEMENT OF FACTS

By signing below, the parties stipulate that the allegations in the indictment and the

following facts are true and correct, and that had the matter gone to trial the United States would

have proven them beyond a reasonable doubt, by competent and admissible evidence.

1.      Langley Federal Credit Union ("LFCU") is a member-owned, not-for-profit

financial cooperative chartered and regulated under the authority of the National Credit Union

Administration ("NCUA"), which administers the National Credit Union Share Insurance Fund.

LFCU is, therefore, a credit union with accounts insured by the National Credit Union Share

Insurance Fund.

2.      LFCU is a member of a shared branching network that maintains shared-branch

locations throughout the United States and, thus, is a financial institution engaged in, and the

activities of which affect, interstate and foreign commerce.

3.      LFCU accepts applications for LFCU membership through, among other means, its

Internet-connected website.  Among other accounts and services, LFCU offers its members

consumer loans, including but not limited to vehicle and personal loans.  LFCU also accepts online

applications for such consumer loan accounts.

1



4.      Among other information, LFCU requires applicants for membership and consumer loans to provide various means of identification, as defined in Title 18, United States Code, Section 1028(d)(7), including the applicant's name, date of birth, and social security number. For vehicle loans, LFCU further requires vehicle information, including the year, make, model, and vehicle identification number ("VIN") of the vehicle identified as collateral for the loan. The truth and accuracy of this information is material to LFCU's decisions to open, approve, and issue such memberships and consumer loans.

5.      In approximately July 2016, LFCU investigators requested assistance from the United States Postal Inspection Service and the Newport News Police Department in reference to a possible loan fraud scheme. According to LFCU, in the preceding months, they had received numerous online membership and consumer loan applications in the names of stolen identities. LFCU reported that they had approved and issued the requested memberships and loans prior to determining that they had been sought using the stolen personal identifying information of others. LFCU further reported disbursing loan proceeds via checks and transfers into the checking and savings accounts opened through these fraudulent applications. Specifically, vehicle loan proceeds were disbursed by checks made payable to individuals posing as vehicle sellers, while personal loan proceeds were disbursed to LFCU accounts opened in connection with the fraudulent loan applications. LFCU determined that, following these disbursements, various individuals, including the defendant, accessed and withdrew the fraudulently obtained loan proceeds. In the case of vehicle loans, the individuals falsely identified as vehicle sellers in the fraudulent loan applications had presented the check disbursements for cashing at LFCU branches located in the Eastern District of Virginia. In the case of personal loans, the fraudulently obtained proceeds had been electronically transferred in various increments to LFCU accounts belonging to other



individuals, including the defendant, and immediately withdrawn by the holders of those accounts in series of transactions, also conducted at LFCU branches located in the Eastern District of Virginia.

6.      Investigators determined that many of the identity theft victims had been victims of the United States Office of Personnel Management data breach and resided in Colorado.

7.      Review of LFCU records and surveillance images identified the defendant as an individual who had received the proceeds of fraudulently obtained personal loans.

8.      During the course of the conspiracy, in mid-2016, the defendant recruited other individuals to receive transfers of fraudulently obtained personal loans into their accounts.

9.      On or about April 20, 2016, the defendant made a withdrawal of $600.00 from LFCU checking account (ending in 9009-S14) following the transfer of $1,100.00 of fraudulently obtained personal loan proceeds from an LFCU checking account (ending in 5191-S11) opened in the name of M.C. on or about March 28, 2016. The defendant conducted an additional transaction for $500.00 the following day at another LFCU branch. Both of these transactions were recorded on video surveillance, depicting the defendant making the withdrawals.

10.      With respect to the allegations in Count 21 of the Superseding Indictment, on or about June 23, 2016, in the Eastern District of Virginia, the defendant, aided and abetted by others, caused the use of the name, date of birth (**/**/1983) and social security number (last four digits 9500) of M.B., a real person, in the fraudulent application and opening of LFCU membership (last four digits 3294), savings account (ending 3294-S1), checking account (ending in 329-S11) and personal loan (ending in 3294-L51).

11.      On or about June 25, 2016, the defendant made a withdrawal of $2,500 from an LFCU checking account (ending in 9009-S14) following the transfer of $5,000.00 of fraudulently



obtained personal loan proceeds from an LFCU checking account (ending in 3294-S11) fraudulently opened in the name of M.B. This transaction was captured on video surveillance.

12.     On or about June 28, 2016, the defendant and another conspirator caused the withdrawal of $2,500 from an LFCU checking account (ending in 9009-S14) following the transfer of $3,800.00 of fraudulently obtained personal loan proceeds from an LFCU checking account (ending in 3294-S11) fraudulently opened in the name of M.B. This transaction was captured on video surveillance.

13.     On or about June 29, 2016, the defendant and another conspirator caused the withdrawal of $900.00 from LFCU checking account (ending in 9009-S14) following the transfer of $3,800.00 of fraudulently obtained personal loan proceeds from an LFCU checking account (ending in 3294-S11) fraudulently opened in the name of M.B. This transaction was captured on video surveillance.

14.     The defendant stipulates that all of the events described occurred in the Eastern District of Virginia.

15.     The defendant further stipulates and agrees that her participation in the events described was undertaken knowingly, intentionally, and unlawfully and not as a result of an accident, mistake or other innocent reason. The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offense charged in this case nor does it identify all of the persons with whom the defendant may have engaged in illegal activities.



Respectfully Submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By: _____
Brian J. Samuels
Assistant United States Attorney

After consulting with my attorney, I hereby stipulate that the above Statement of Facts are true and accurate, and that had the matter proceeded to trial, the United States could prove these facts beyond a reasonable doubt.

_____
KARIVA CROSS
Defendant

I am counsel for KARIVA CROSS. I have carefully reviewed the above Statement of Facts with her. To my knowledge, her decision to stipulate to these facts is an informed and voluntary one.

_____
Jamison Rasberry, Esq.
Counsel for the Defendant

5

